## David Pierce and others v. Samuel Cole.

Where there were four defendants, three of whom were served and the other
not, and judgment went by default against the three, and the suit was dis-
missed as to the fourth, and the fourth and one of the three, in behalf of all,
moved that the judgment be set aside and that they be permitted to defend,
stating that the note was given for money loaned by the plaintiff to the fourth
defendant, that the others were sureties, and that they had not filed their
answers because they thought no action could be taken against them, as they
were only sureties, until the fourth defendant, the principal, was served, and
that the principal had not avoided the service of process, the motion was
overruled in the Court below, and the judgment was affirmed.  (It should,
perhaps, be stated that the defence, which the parties desired to make, was
in the nature of a plea in reconvention, and could be made the ground of a
suit against the plaintiff.)

See this case as to excuse on account of ignorance of law.

Appeal from Cherokee.   Tried below before the Hon. John
H. Reagan.

The application to set aside the judgment was made by
David Pierce and Josiah Barnett, for themselves and the other
defendants.   The affiants stated that the note was given for
money loaned by plaintiff to said David, and that the others
were sureties for the payment thereof; that David Pierce was
absent from home on business when the Sheriff went to serve
him, if the Sheriff ever did so.   Defendant Barnett states that
he thought, and supposes the said George and Joseph Pierce
so thought, that as the said David Pierce, principal in said
note, had not been served, no action would be taken in the
case until he was served.   The defence alleged was, that Da-
vid Pierce had placed a woman slave in the possession of the
plaintiff, whose work and labor was to pay for the use and in-
terest of the money for which the note was given; that the
plaintiff hired her out, and that during the time he had her in

possession and while she was so hired out, she was so cruelly and inhumanly treated as to greatly injure her value as a slave, so as to render her incapable of doing work. which she was before able to do ; thus diminishing the value of her services, to the great damage of the said David Pierce greatly more than the whole amount specified in said note. That while said woman slave was so hired out as aforesaid, she was taken sick and remained so for a long space of time, without the necessary attention to her condition, from which exposure she has never recovered ; and that during a part of the time she was sick, defendant David Pierce had to furnish another slave to wait on her, which last mentioned slave, from great exposure in waiting on and taking care of the first said slave, was taken sick and died, to the great damage, &c.

*J. Everett*, for appellants. It is submitted that the record in this case shows sufficient cause for setting aside the judgment here sought to be reversed. Appellants refer to their said motion, a part of this record, and for these and other reasons apparent in said record, they respectfully ask a reversal of said judgment.

*Hood & Wiggins*, for appellee. There are no averments in the motion, to justify the Court below in setting aside a judgment. The motion merely states that one or two of David Pierce's negroes had been sick, damaged, &c., without stating when, where, how, by whom damaged, or to what amount. The matters, though they had been well pleaded, were no defence. (Hart. Dig. Art. 610 ; Terrell v. Townsend, 6 Tex. R. 149.)

This cause was evidently brought up for delay. We ask for an affirmance with damages.

LIPSCOMB, J. This suit was brought by Cole, the appellee,

Pierce v. Cole.

on a note of hand, i. e. : One day after date, we or either of us promise to pay Samuel Cole or bearer, the sum of four hundred dollars, bearing interest from date at ten per cent., for value received of him this the 21st of August, 1854. (Signed,) David Pierce, George Pierce, Joseph Pierce, Josiah Barnett. The suit was against all of the makers ; service was not effected on the first named, but process returned not found. It was served upon the other three, who failed to answer ; and judgment was taken against them, and the suit discontinued as to the first. This judgment seems to have been entered on the 21st of March, 1856. On the 7th of April, David Pierce and Josiah Barnett filed a motion to set aside the judgment, for the purpose of letting in a defence to the merits.

It is not necessary to state the grounds on which the affiants rested their application, nor to express any opinion, whether the matter stated in the affidavit would have been received in defence to the suit on the note, because we believe the reasons given why the defence was not made, insufficient. It is not shown that the parties upon whom service was made, and against whom judgment was taken, were not apprised of the defence in time to have set it up ; but they swear that they believed that judgment could not be taken in the case, until after service had been effected upon David Pierce ; that they were not aware that plaintiff could discontinue as to the one not served with process, and take judgment against the others. In cases where ignorance of the law can be received as an excuse, it must be clearly made out. To give it a free reception in our Courts would be productive of much difficulty, and would lead to much perjury, because the perjury could rarely be made out in support of an indictment.

We believe there is no error. The judgment is therefore affirmed without damages, as it is not clear that delay was the object in bringing the case into this Court.

Judgment affirmed.